EARL F. FRENCH, III,[1] Petitioner Below-Appellant,
v.
ALICE J. COLLINS Respondent Below-Appellee.
No. 76, 2008.
Supreme Court of Delaware.
Submitted: July 15, 2008.
Decided: September 2, 2008.
Before HOLLAND, BERGER, and RIDGELY, Justices.

ORDER
Henry duPont Ridgely, Justice
This 2nd day of September 2008, it appears to the Court that:
(1) Petitioner-Appellant Earl F. French, III ("Husband") appeals from a Family Court order on matters of property division ancillary to his divorce from respondent-appellee Alice J. Collins ("Wife"). Husband makes four arguments on appeal regarding the discretion exercised by the Family Court judge when she found that there was no evidence that some portion of Husband's State of Delaware Deferred Compensation Account (the "Deferred Compensation Account") was premarital; (2) Husband's mortgage payments were a form of alimony despite concluding that neither party sought alimony; (3) the fair and equitable division of marital assets would be 70/30 in Wife's favor and the reversal for the debt obligation; and (4) she had misstated that Wife suffered from breast cancer but upon reargument, stated that the statement had no impact on her decision. We find no abuse of discretion and affirm on the basis of the order below, except for Husband's first argument with the trial judge's conclusion that there was no evidence that the Deferred Compensation Account was premarital.
(2) Husband and Wife married on November 16, 2003 and divorced less than three years later on August 1, 2006. This was Husband's second marriage and Wife's third marriage. The Family Court found that Husband's annual income was $68,154 from his current job and a police pension, and Wife's annual income was $25,480. After the Family Court's November 15, 2007 property division order, Husband filed a motion for reargument on certain issues as well as clarification regarding the division of his State of Delaware Deferred Compensation Account and credit for mortgage payments he made after the parties were divorced. Husband also argued that the Family Court erroneously noted that Wife had been diagnosed with breast cancer and that the inaccuracy of this statement led the court to favor Wife's position unjustifiably. The Family Court agreed that its statement was inaccurate but that it was "of little significance to the Court's analysis and final decision" and concluded that the statement was harmless error. The Family Court amended its order to delete the reference to his Wife's breast cancer diagnosis and denied the remainder of Husband's arguments. This appeal followed.
(3) Husband first argues that the Family Court abused its discretion when it divided his Deferred Compensation Account, which he claims is a marital asset. "Where the law has been correctly applied, we review decisions regarding a division of marital property for abuse of discretion."[2] The Family Court has "broad discretion" in dividing marital property.[3]
(4) The parties stipulated that the value of the account was $37,232 at the date of separation. Husband agrees that a portion of this account should be divided as marital property, but disagrees as to the amount. At the ancillary hearing, Husband testified that he would put $100 per semi-monthly paycheck into deferred compensation over the twenty months the parties were married, and estimated that the marital portion of the account would be $4,000 plus interest.[4] When counsel for Wife asked whether the vast majority of the account was premarital, Husband answered "yes."
(5) Husband argues that he testified that he maintained $34,000 in the account prior to the marriage. This statement is misleading. The record indicates that his counsel ballparked that number during Wife's counsel's cross-examination of Husband and Wife's counsel used it to understand Husband's premarital asset calculation estimate of $79,000.[5] No documentation was provided regarding the premarital balance of the Deferred Compensation Account. Notwithstanding this lack of documentary evidence, the $79,000 figure was at least in some part accepted by the Family Court. In its order, the Family Court stated, "Husband candidly admitted he retained approximately $79,000 of his premarital assets in his sole name and they shall not be subject to division herein." Presumably with this statement,[6] the Family Court accepted that some portion of the Deferred Compensation Account (and more specifically, $34,000 of it) must have been premarital property.
(6) In his motion for reargument, Husband sought clarification on which percentage of the Deferred Compensation Account would be divided. The Family Court acknowledged the stipulated account balance of $37,232 and that the parties had agreed that the portion that is marital property should be divided by a QDRO. The Family Court then stated: "Husband failed to present any evidence to support his position that some portion of that asset was pre-marital. Absent credible evidence to the contrary, the marital asset shall be valued at $37,232." This statement discounts both Husband's testimony and the Family Court's own order that indicates that it accepted Husband's assertion that a majority of the Deferred Compensation Account was premarital. This contradictory conclusion requires a remand.
(7) Further, Wife's argument that Husband failed to provide any documentation to support his allegation that a portion of the account was premarital also discount's Husband's testimony to the contrary and the assumptions she did not challenge during cross-examination and later relied upon in her closing argument.[7] The Family Court also took into account the Husband's premarital assets when weighing "the contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker, husband or wife" in Wife's favor. The Family Court's conclusion regarding the Deferred Compensation Account is contradicted by the record. Accordingly, we remand this issue for the Family Court to determine the premarital value of the account and its effect on its distribution without retaining jurisdiction.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED IN PART and REMANDED IN PART. Jurisdiction is not retained.
NOTES
[1] The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).
[2] Forrester v. Forrester, __ A.2d __, 2008 WL 2699644, at *6 (Del. 2008).
[3] Forrester, __ A.2d at __, 2008 WL 2699644, at *6. See also generally Stanley v. Stanley, __ A.2d __, 2008 WL 2699644, at *3 (Del. 2008) (explaining that "social security benefits may be considered as a factor, among others, when dividing marital property").
[4] The record also demonstrates that at least part of this total would include the matched portion by the State of Delaware.
[5] Of the three assets that were used to reach this $79,000 figure, the parties stipulated that two of them were premarital assets, his City of Wilmington Deferred Compensation Account ($28,000) and a Wilmington Trust Certificate of Deposit (approximately $17,000).
[6] This statement is minimally ambiguous because the Family Court may have been summarizing Husband's position regarding the premarital assets and his argument that they should not be divided. An examination of the record and the Family Court's order on this point, however, suggests otherwisethe court was acknowledging that the premarital assets in Husband's sole name would not be subject to division.
[7] In her closing argument, Wife, when asked for her "bottom line" began with an acknowledgement that "given the large amount of non-marital assets the Husband kept, and he's got $80,000 premaritalhe didn't put that in the pot." Although Husband uses this statement to advance a judicial estoppel argument, we find it unnecessary to address that argument given the contradictory rulings made by the Family Court.